## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TRAVIS RODRIQUEZ JAMES,

        Petitioner,

v.                                Case No. 3:20-cv-1153-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORR., et al.,

        Respondent.

_____

### <u>ORDER</u>

Petitioner, an inmate of the Florida penal system, initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner is currently in the Florida Department of Corrections' custody serving a fifteen-year sentence for a Hillsborough County, Florida, judgment of conviction. <u>See</u> Corrections Offender Network, Florida Department of Corrections, available at www.dc.state.fl.us (last visited Oct. 19, 2020). He is currently housed at Hamilton Correctional Institution. <u>See</u> Doc. 1 at 1.

In the Petition, Petitioner raises one ground for relief: "Coerced to live in a densely packed dormitory space infested with Covid-19, in violation of the Eighth and Fourteenth Amendments." <u>Id.</u> at 6. In support of his claim, Petitioner alleges:

> The human body is forced to live within less than 12 inches among more than 70 adults crammed into an overcrowded space that measures approximately 2400 sq. ft., for more than 23 hours per day, in an inadequately ventilated space infested with coronavirus, amid a deadly global pandemic. There is no physical or social distancing. My health is not preserved.

Id. As relief, Petitioner requests the Court to "declare that the conditions of confinement violates the prohibition against cruel and unus[u]al punishment"; "grant an order to enjoin Respondents' unconstitutional policies and practices"; "direct[] that Respondent[s] conduct weekly and regular Covid-19 testing"; and "any other relief that [is] reasonable and proper." Id. at 7.

The Petition is due to be dismissed for several reasons. First, because Petitioner is in custody pursuant to a state court judgment of conviction, his request for habeas relief should be pursued by filing a § 2254 petition in the Tampa Division of this Court, the district in which Petitioner was convicted. Felker v. Turpin, 518 U.S. 651, 662 (1996) (holding the federal courts' "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); see also Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003) (holding that state prisoner cannot overcome the procedural requirements of § 2254 by labeling his petition as one under § 2241).

However, the more appropriate avenue for Petitioner's current challenge to the conditions of his confinement is through a § 1983 civil rights complaint rather than a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); see also Keys v. Warden, FCC Coleman - Low, No. 5:20-cv-319-Oc-02PRL, 2020 WL 3962233, at *1-2 (M.D. Fla. July 13, 2020) (dismissing without prejudice federal prisoner's § 2241 petition seeking release based on alleged conditions relating to Covid-19, because the claims "are not cognizable under § 2241" and should be brought in a civil rights complaint); Harris v. Calif. Dep't of Corr. Chino CA, No. EDCV20-00777-JFW(DFM), 2020 WL 3977604, at *1 (C.D. Cal. July 13, 2020) (dismissing without prejudice state prisoner's habeas petition because "the [p]etition challenge[d] the condition of [the p]etitioner's confinement [regarding the prison's response to the Covid-19 pandemic] and therefore [wa]s not cognizable on habeas review").

Further, even if the Court construed Petitioner's claim as being filed under § 1983, the claim appears to be unexhausted. See Lindsey v. Colon, No. 20-22920-CIV, 2020 WL 5981851, at *2-3 (S.D. Fla. Oct. 8, 2020) (construing the petitioner's § 2241 petition as a § 1983 complaint because he "challeng[ed] the execution of his sentence on constitutional grounds [(relating to Covid-19)],

3

not the constitutionality or fact of his conviction or length of his sentence," and dismissed it without prejudice, in part, because the petitioner did not exhaust his administrative remedies). Petitioner left blank the questions relating to exhaustion. Doc. 1 at 2-5. Regardless, the Court has approved forms for the filing of habeas corpus and civil rights cases, and Petitioner must use the appropriate form.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.     This case is **DISMISSED without prejudice**.

2.     The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.     The Clerk shall send Petitioner a civil rights complaint form and an affidavit of indigency form.

4.     If Petitioner appeals the dismissal of this case, the Court denies a certificate of appealability (COA).[1] Because this Court has determined that a

---

[1] The Court should issue a COA only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, the Court denies a COA.

COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c:      Travis Rodriguez James, #T30658